Case No. 14-1107 et al., SW General, Inc., doing business as Southwest Ambulance Petitioner v. National Labor Relations Board Ms. Davis for the petitioner, Ms. Isbell for the respondent Ms. Davis, good morning Good morning May it please the court, and may I apologize in advance, I am just recovering from a cold, so I have a frog in my throat this morning, but I will try and get through this argument this morning Have you got some water? I do have some water right here, thank you And I reserve five minutes for rebuttal The court should reverse the National Labor Relations Board's decision which affirmed Administrative Law Judge Dawson's August 8, 2013 decision that found that the petitioner, SW General, or Southwest Ambulance, which I will refer to as Southwest violated a 2009-2012 collective bargaining agreement by unilaterally deciding to stop making longevity payment to qualified employees The longevity pay provision was first negotiated into the collective bargaining relationship between Southwest and the union in 2001 The longevity payment provision provided for semi-annual payments that would be made on June 1 and December 1 during the term of the agreement Now the first agreement that was negotiated between the union and Southwest went into effect on July 1, 2001 So the first longevity payment that was due was in December of 2001 Each subsequent collective bargaining agreement thereafter contained a very similar longevity payment provision Their only real change was as to some of the criteria for employees to qualify for the payment Now we're here today because when the 2009-2012 contract terminated Unlike the prior CBAs, the parties weren't able to enter into an agreement either to extend the agreement or to enter into a new agreement And in accordance with the terms of the contract, Southwest elected not to make any further longevity payments to the union members Can I ask you, did that practice also apply to, for example, health benefits? That did not apply to health benefits because the terms were different in those provisions And what's the relevant difference? Because as I read the, at least how the board characterized the agreement Health benefits were also due, quote, during this agreement, close quote For health benefits, the provision stated that they were due during the term of the agreement In contrast, the longevity payment provision provided that the payments were due on specific dates during the term of the agreement Which meant during the years of 2009, 2010, 2011, and the final one in June of 2012 So it sounds like they both said during this agreement, it's just that the longevity ones have specific dates during this agreement But it seems to me that the operative force would be done by the provisions that say during this agreement Because your argument would be, that means during this agreement, after this agreement, there's no obligation Our position would be those specific dates during the agreement There is authority if you apply the correct standard, which in this case the board did not do They applied the clear and unmistakable waiver standard to this case And we are positioned that they should have applied the contract covered standard Looking at the specific provision, the longevity provision, the parties clearly intended That these payments would only be made on these specific dates during the years 2009, 2010 So how do health benefits payments, I take it, are made on particular dates? Or am I just not understanding how they actually work? Once you negotiate a contract with the carrier, they're made according to that contract But in the CBA, there were no specific dates that required, that obligated the company to provide benefits as of a particular date But what if the health benefits portion of the agreements just said Health benefits shall be paid for on the dates specified by the contract with the carrier during this agreement Then you'd have specific dates, and it would say during this agreement Correct, and in that particular situation, once the contract expired The employer would no longer be obligated to provide future health benefits according to the CBA to those employees But isn't it just then understood, then it seems like the only gap is that the contract, your contract with the union Didn't specifically say health benefits would be paid on the dates that the carrier requires that they be paid Which, that just seems like that's obvious, it's understood that that's when health benefits would be paid And so if you build that into the contract, then there's no difference But yet you acknowledge that health benefits would still be paid Right, and by building in specific dates to the contract It shows that the parties clearly intended that it to be limited to those specific dates While in a contract where it just says during the term, if you look at prior cases There is no clear understanding between the parties as to what the obligations are after the contract expires Can I ask you about the ALJ's note that in August of 2012 You all reached a TA, a tentative agreement to retain the longevity pay provision And then in December, when an employee asked, was told no, we're not going to do that Do we know anything about what, first of all, what caused the employer, Southwest, to back off from this tentative agreement Not so much that Southwest backed off, but the relationship between the union and the employee Has been, to say the least, not very amicable So there have been a lot of back and forth, and as a result, the tentative agreement fell through Okay, all right I've addressed briefly, in responding to the prior questions, as to the proper standard that we believe should be applied in this case Like I stated, we believe that it was an error for the board to apply the clear and unmistakable waiver standard Another error that was found in the ALJ reaching for a determination Was that she improperly excluded the testimony of the Chief Operating Officer, Mr. Riles This again goes to the issue of what the intentions of the party were when they negotiated the longevity provision Mr. Riles was involved in the negotiation and the drafting of the longevity provision back to 2001 When it was first put into the collective bargaining agreement He was not permitted to testify as to the bargaining history And he was the only witness available who had any personal knowledge as to what discussions occurred Between the parties during the negotiation of the longevity provision Mr. Riles, by having the knowledge of the bargaining history, should have been permitted to testify In this particular case, if you look at the transcript from the hearing It appears that the ALJ decided to exclude any testimony on that issue Because she viewed it as his personal opinion or interpretation of that particular provision Rather than it going to the history And if you look at the board cases, even if you apply their standards They also say that the bargaining history is relevant for determining whether or not Southwest had an obligation to continue to make these longevity payments I thought you wanted to get his testimony in because you wanted to show what his subjective intention was We wanted to be able to show the intentions of the parties when they initially negotiated And throughout the history of the longevity provision in the contract To show that it was the intent of the parties and the proper interpretation of that particular provision Was that there was no obligation after June 30th of 2012 to make any additional longevity payments But typically when we're doing contract interpretation, isn't it The standard is what's the objective manifestation of the party's intent Not what they subjectively might have had in mind at the time they were negotiating the agreement So we usually look at the language of the agreement and other surrounding circumstances To determine what the objective manifestation of the intent is As opposed to the party's subjective intent when they're engaged in the negotiation Our position is it's clear that they were only obligated on those specific dates during the term of the agreement But to the extent that the court needs to look beyond that Our position is the relevant information was held by Mr. Riles who had the bargaining history And he should not have been precluded from testifying to that With respect to the Federal Vacancies FVRA How do you respond to the argument that Even if there was a problem with the appointment of the Acting General Counsel here That either through the de facto officer doctrine or just through the operation of Subsection E of 3348 I believe it is That exempts the General Counsel of the NLRB from that section That through either one of those I guess I don't know whether you would say that the error is harmless or Congress has said that those actions aren't to be invalid If you look at 3348 Yes, so looking at 3348, Congress has said they're not to be invalid But they need to be ratified and or the individual has to be a de facto officer Which is the board's position on this was that Acting General Counsel Solomon was a de facto officer Our response to that is one, the de facto officer defense is to be raised by the board And it was never addressed during the proceedings either in the board's affirmation Or in response to our exceptions And two, there was no ratification in this case When a properly appointed General Counsel came in At no point did he make any indication that he was ratifying the actions of The Acting General Counsel Solomon as he conducted himself in this particular case I have exceeded my time unless there are additional questions for the panel I have one follow-up question on that You could have raised the invalid Your objection as to the General Counsel's status in answering the complaint At that point you knew everything you needed to know to raise the objection Is that not right? Our first opportunity to raise the objection would have been with the exceptions to the ALJ opinion And I do believe that during proceedings in fact it was raised Why do you say that's the first opportunity? Why didn't you have the opportunity back when the complaint was first filed? I can't recall the details as to why at that point in time it wasn't raised But it was raised in a direct attack on the ALJ's decision Yeah, I saw that it was raised in the exception to the ALJ's decision I guess I was wondering why it couldn't have been or wasn't raised prior to that time At the time you answered the complaint And I can't recall why it wasn't raised at that point Let me ask you about our decision in Andrade from 1984 You don't cite it, the government, the Board does cite it And relies on it, and of course that case said You can challenge the act of an invalid officer And get around the de facto officer defense If you challenge it while the action is ongoing Which you've done here And if you give them notice so that it could be corrected Which it can't be here And the question in my mind is Whether your objection, as Judge Sunivasan has said, came early enough Now it did come before the ALJ Did you raise it before the ALJ? You just accepted to tell me how it was timely Not only because you didn't raise it in your response to the complaint But when did you first raise it before the ALJ? It was raised in the filing of the exception Alright, so she didn't look at it either She did not look at it Alright, okay Alright, we'll give you time to reply Is this Bill? Let me ask you first, are we agreed that Mr. Solomon was invalidly appointed? We are not agreed Alright, why don't you tell us why he was invalidly appointed Okay, I assume everyone can refer to their copy of the Federal Vacancies Reform Act At the back of our brief Can we agree that he was appointed pursuant to subsection 3? A3, 3345A3 That is how the President designated him to be acting General Counsel Alright, so how under that was he validly appointed? Under 3 He was nominated to be the Permanent General Counsel And I can't remember the other requirement Go ahead Under A3, the President may designate a senior agency official If that official has served at the agency for at least 90 days And is paid at at least the GS-15 level And Mr. Solomon met both requirements What the company is arguing is that Section B1 Takes away the President's ability to appoint under either A2 or A3 A2 is where another individual from another agency who has already been confirmed by the Senate Can be placed temporarily on a detail into an open position Our position is that you cannot read A2 and A3 out of the statute B1 clearly refers to A1 A1 being the first assistant provision Well, now you've got a problem there Because even though it says notwithstanding A1 Subsection A1, then it says any person I can't find it right now Any person under this section is disqualified So it's not restricted to A1 I think actually it is Here are a couple points One is that the board believes under this section Refers to 3345 in total The Federal Vacancies Reform Act Allowed existing statutes to continue to be able to fill vacancies It's not entirely exclusive if there are other statutes that allow vacancies to be filled But more importantly, don't forget to read B1A During the 365 days preceding the death resignation Congress here is putting limits on the ability of a first assistant To fill this position They do not want the president to designate someone after the vacancy occurs Someone who is a favorite of the president or the cousin of the president After the vacancy occurs You put somebody in the first assistant position If B1 didn't exist, they would fill the vacancy So Congress is putting limits on who could be placed into the first assistant position And be nominated for the permanent position Do you agree with me that B1A and B makes a person who fits that ineligible? Yes, a person who fits B1 and does not meet those requirements is ineligible The legislative history is very clear that it applies to only first assistants Here's what I don't understand about that If it only applies to first assistants, then how do you explain B1A? Because that's saying someone who didn't serve as a first assistant I don't understand how that provision does anything Unless B1 applies to all three categories Otherwise, you're only talking about the first assistants B1 only talks about first assistants Notice that... No, but B1Ai B1 says in the outstanding subsection A1 A person may not serve as an acting officer for an office under this section if... And then it gives some conditions One of them is that during the 365-day period preceding the death Such person did not serve in the position of first assistant Yes So that's completely a loggerhead with an argument that says That this provision only applies to first assistants Because this provision says that person did not serve as a first assistant So this provision is doing no work whatsoever If B1 is limited to first assistants This provision is putting in the time limits that are already in A3 So if you look at A3 The senior executive position has time limits B1 adds time limits Other thing you need to know is that A3 was added after B1 When the Senate reported this bill out There were two ways to fill a vacancy temporarily First assistants and someone who had already been confirmed by the Senate It went to the full Congress And people were concerned that there would not be enough... I still don't understand how B1Ai does any work Because of course the person served as the first assistant Within the last 365 days They had to have for A1 to be triggered Not necessarily Okay, and that's because... That's because A1 has no restrictions on time If you read A1... So you think A1 would apply if the person had been a first assistant 12 years ago? If the president put that person in the first assistant position After the vacancy occurred Do you see what I mean? If the person is in the first assistant position when the vacancy occurs A1... Automatically triggers Right But if the vacancy occurs And then the president goes looking for somebody And puts the person in after the vacancy occurs The Senate decided it needed some restrictions That person should have been in the position during the past year You can't put someone in after the vacancy occurs That's what B1 is saying And nominate... You can do it, but you can't nominate them to the... So you're saying that the provision notwithstanding subsection A1 Means if you're a first assistant 12 years ago You don't fulfill B1A1 That is what seems to be a contradiction in terms That is notwithstanding subsection A1 That is notwithstanding you're a first assistant You don't qualify if you didn't serve as a first assistant During the past year I'm with Judge Srinivasan, that doesn't make any sense So tell me how notwithstanding subsection A1 Which means if you served as a first assistant How that doesn't apply under A1, AI Under A1, if you had been the first assistant 12 years ago Or whenever, you could be placed into the position There is no restriction on when you were Were you at the agency last week If the vacancy occurs, you can be put in, before or after Or couldn't the president, if I guess to be inventive Could say, you know, there's a vacancy here At the General Counsel I'm not really crazy about the current first assistant I'm going to put my cousin in as the first assistant And replace the first assistant After the vacancy occurs After the vacancy occurs And then the cousin can become automatically the acting General Counsel That's exactly what this provision is intended to prevent Why do you think that A1 would even be triggered in that situation? That someone would read the statute to say that If the president put someone in after the vacancy has already occurred Then by virtue of A1 they automatically ascend to the acting position Because there are no time limits in A1 If you look at A3, for example, there's a very similar time limit If you're an executive, if you're a senior agency official You had to have been at the agency during the past year for at least 90 days It's the same provision They're trying to make sure that the president is not doing it in run Around advice and consent And that he's not putting political favorites into positions that should be They're not always civil service positions But positions where people are familiar with the agency And know what's going on All right, let me ask you this Under B1, if we took away the notwithstanding phrase And we just said a person may not serve as an acting officer For an office under this section Mr. Solomon is ineligible Yes, and you would also be reading out A2 and A3 from the act There would be no reason to have A2 and A3 I do want to say this that I'm sorry, go ahead But he was appointed, we all agreed, under A3 He was designated acting general counsel under A3 Right, well that's how he acted, as acting general counsel Yes All right So as I understand your argument now That's inconsistent with the OLC set Because I think OLC and its questions It has a bunch of questions, as you know, about how this applies Question 13 is If someone is designated to be first assistant after the vacancy occurs Does that person still become the acting officer by virtue of being the first assistant? Answer While the Vacancy Reform Act does not expressly address this question We believe that the better understanding is that you must be the first assistant When the vacancy occurs In order to be the acting officer by virtue of being the first assistant So if I'm understanding your argument correctly You disagree with that You're taking a position that's at odds with what OLC said And that's the only way that you give effect to this B1Ai Is if we agree with you that the OLC got it wrong I don't think so I think part of B1 is nomination to the permanent position Right So these restrictions in B1 apply to the first assistant If they are also nominated to the permanent position So Where the first assistant does not serve The vacancy occurs and then the first assistant is appointed That person can't be nominated for the position If they had not served during the 365 day period before So I cannot say that the OLC is wrong I mean their reading of it is right You just have to add in the part of B1 that says and nominated for the position Am I making Am I being more clear or more obtuse No, no, I appreciate the effort I do And it may be me that's being obtuse But I'm not understanding how OLC's answer to question 13 Doesn't Conflict with your argument as to why A1 Why B1Ai does work What about their answers at question 15 Where they point out that B1 only applies to A1 And that is also part of the questions and answers Based on No, I get that I'm not saying that you don't have things in the OLC opinion that support you You do And then we have to be the judge of whether those things are right under the law But I guess all I'm saying is The position you're taking now as to why B1Ai does work Seems inconsistent with OLC's answer to question 13 Unless I'm missing something and perhaps I am But I didn't I may not be understanding Exactly your question But is a restriction on the prior year If you're going to be appointed Under the first assistant provision You had to have served As a first assistant In the past 365 days Or for at least 90 days If you're going to be nominated I'm just trying to make sure I understand what you're saying So you're saying that what B1 does In A Romanet I and Romanet II Is that With respect to A first assistant The president can't The first assistant cannot have assumed office After the vacancy arises If that person is nominated If that person is nominated So if the first assistant Is Comes in after the vacancy arises And becomes acting general counsel That's fine They just can't be nominated I think reading B1 All the way through Yes But I think OLC already tells us That that person doesn't automatically become acting officer If they're put in the first assistant position After the vacancy arises So it seems like it's a problem not to be worried about Well Part of the issue Part of the issue here, of course, is that Solomon Was not appointed under the first assistant provision Right? So he was just appointed under A3 And our position is that B1 Does not apply to A3 Because A3 already has its time limits So if Then how do you read the difference in language Between notwithstanding subsection A1 A person may not serve as an acting officer for an office Under this section Not under subsection A1 I read that as referring to 3, 3, 4, 5 in total Because there are other statutes And other ways vacancies can be filled But under the Federal Vacancies Reform Act If you are A1, if you're a first assistant You have to meet these And you're nominated You have to meet these But But a person may not serve as an acting officer For an office under 3, 3, 4, 5 That's the section Not 3, 3, 4, 5, A1 Remember B1 A3 Was added After B1 is there Congress inserted A3 And I think that's part of the confusion A3 is added After the Senate bill is reported out If that helps I see my time has elapsed Are there more questions? Would you like to talk about 3, 3, 4, 8? Are you When you were referring to the The questions from the OLC Are you referring to The 1999 opinion Or the earlier one? I think it's the 1999 It came out after the revisions in 1998 Because I was told that the The OLC revised its Revised its what? Revised its response to question 13 But at any rate  I have a further question for you on this So Are you taking the position that If we think that the Appointment was invalid That Put aside De facto officer And suppose We disagree with you on de facto officer And Are you taking the position that still The The remedy shouldn't be To annul the acts that were undertaken by The Acting General Counsel? Is there some other reason in other words that Those actions continue to be okay? Well if Under Doolin and the Administrative Procedures Act I think you can find them to be okay The company did get Full adjudication by the board of its Evidence and its arguments Oh I'm sorry I'm being I'm not being precise enough I guess my question is this The Acting General Counsel Puts in motion a sequence of events That results in the filing of a complaint But the complaint is filed by I think somebody else right? It's filed by a regional director Regional director I didn't see you to be making the argument That The difference between the Acting General Counsel And the regional director Is a basis for you To get the decision sustained Even if we assume that the Acting General Counsel Was invalidly No Okay So you agree that if the Acting General Counsel Was invalidly appointed The fact that he's not He or she is not the one who's Issuing the complaint That it's the regional director That is a distinction without a difference For our purposes Yes except on the issue of prejudicial error I mean in this particular case The regional director issued the decision Issued the complaint Based on Existing board precedent There was This was not a case that had to be submitted To the General Counsel's office for review There are cases that are Of substantial Legal Interest to the General Counsel And he wants to look at those before complaint issues This was not one of those cases It was issued Under board general procedure So there was not There was not Involvement by the General Counsel's office In the issuance of this complaint So in terms of prejudicial error My answer is Issued by the regional director Under normal board procedure I think does make a difference But if there's no General Counsel In office We would not be issuing complaints Alright did you make The argument you just Enunciated In our brief The prejudicial error argument Well under the prejudicial error The fact that the General Counsel Did not have to look at this Because it didn't raise some To his level of interest Did you make that argument I did not Alright We discussed the board Having reviewed and Fully adjudicated the case Alright thank you How much time does Ms. Davis have Okay I'll use my brief time To respond to the board's Response to your question Regarding the impact of The Acting General Counsel Possibly arguably Being improperly appointed In this particular case It may have been the Acting General Counsel's position That this particular type of proceedings Did not need to get approval of the General Counsel But each General Counsel Has the ability to set their own strategy And strategic plan And we don't know What a properly appointed Acting General Counsel Position would have been on this particular claim That particular Acting General Counsel May have decided that You should not be applying The clear and unmistakable Waiver standard And then in fact the board should be following The standard in this circuit Which is looking at whether or not The obligation was covered by an existing Collective bargaining agreement So you're arguing prejudicial error Arguing that There was prejudicial error Because there's uncertainty As to whether or not A properly appointed General Counsel What their position would have been Thank you
judges: Henderson, Srinivasan, Wilkins